UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ISABEL RISO and | § | |
| JOSE ROCHA, | § | |
| | § | |
| v. | § | CIV. ACTION NO. 5:15-CV-00227-DAE |
| | § | |
| COREY LEE BOYCE and | § | |
| KLX ENERGY SERVICES, LLC | § | |
| F/K/A BEA LOGISTICS SERVICES, LLC | § | |

**PLAINTIFF'S MOTION TO REMAND**

Plaintiffs Isabel Riso and Jose Rocha file this Motion to Remand pursuant to 28 U.S.C. § 1447(c), respectfully requesting that the Court remand this case to the 218th Judicial District Court of Atascosa County, Texas on grounds of procedural defect and lack of subject matter jurisdiction, and in support would show the Court as follows:

**I.      INTRODUCTION**

Riso and Rocha filed this case in state court to assert state causes of action and recover damages for personal injuries related to a vehicle accident that occurred in Pleasanton, Texas. On February 18, 2015, they filed their Original Petition in a district court of Atascosa County, Texas, alleging negligence claims against the driver who struck their vehicle, Corey Lee Boyce, and his employer and owner of the vehicle he was operating, KLX Energy Services, LLC f/k/a Bea Logistics Services, LLC ("KLX"). (*See* Removal Atch. 3, Dkt. 1-3, at 4–9). That same day, the state court issued citations for KLX and Boyce. (*See* Removal Atch. 2, Dkt. 1-2, at 1, 9–12). KLX received service of process via certified mail on February 23, 2015, (*see id.* at 13; Removal Atch. 3, Dkt. 1-3, at 1), and KLX filed its Original Answer in state court on March 13, 2015, (*see* Removal Atch. 4, Dkt. 1-4). Boyce received service of process via personal delivery on March 6, 2015, (*see* Exhibit A), but he has yet to file an answer in this case.

As alleged in the Original Petition, Riso and Rocha are residents of Atascosa County, Texas; Boyce is a resident of Washington County, Texas; and KLX is a foreign company conducting business in Texas. (*See* Removal Atch. 3, Dkt. 1-3, at 4–5). These allegations do not show that complete diversity of citizenship exists in this case. Nevertheless, KLX filed its notice of removal based on diversity of citizenship. (*See* Removal Notice, Dkt. 1, at 2–3). However, KLX's notice of removal is procedurally defective because Boyce did not join in or otherwise consent to the removal as required under the removal statute. Additionally, the Court lacks subject matter jurisdiction because KLX has not met its burden to prove complete diversity of citizenship. Instead, KLX merely alleges that Boyce is a resident of Indiana County, Pennsylvania. (*See* Removal Notice, Dkt. 1, at 3). Moreover, evidence submitted with this motion shows that Boyce is in fact a citizen of Texas. (*See* Exhibits B, C, & D). For these reasons, Riso and Rocha's Motion to Remand must be granted.

## II.   ARGUMENT AND AUTHORITIES

### A.   Remand Must Be Granted Because Boyce Did Not Consent to the Removal as Required Under the Removal Statute

When removal is based on diversity jurisdiction, "all defendants who have been properly joined and served must join in or consent to the removal." 28 U.S.C. § 1446(b)(2)(A). To join in or consent to removal, "a defendant must do so itself" no later than thirty days after the first defendant is served. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262–63 & n.11 (5th Cir. 1988); *Rodriguez v. Nat'l R.R. Passenger Corp.*, 483 F. Supp. 2d 553, 558 (W.D. Tex. 2007). The removal statute requires each defendant to either sign the notice of removal or timely file a written statement—"from some person or entity purporting to formally act on its behalf . . . and to have authority to do so"—to show actual consent to the removal. *Getty Oil*, 841 F.2d at 1262 n.11; *Rodriguez*, 483 F. Supp. 2d at 558. If one of the defendants does not timely join in or consent, the

removal is procedurally defective and the case should be remanded if the plaintiff timely seeks remand. *See Doe v. Kerwood*, 969 F.2d 165, 169 (5th Cir. 1992).

Here, Riso and Rocha assert claims against KLX and Boyce as named defendants in the Original Petition. Boyce received service of process via personal delivery on March 6, 2015. (*See* Exhibit A). Thus, Boyce was properly joined and served in this case about 18 days before KLX filed its notice of removal in federal court on March 24, 2015. Accordingly, Boyce had to join in or consent to the removal no later than March 25, 2015 (i.e., within thirty days after KLX had been served on February 23, 2015). However, Boyce did not sign the notice of removal or timely file any written statement of consent at all. Instead, the notice of removal was only filed by KLX and signed by its attorney on its behalf, and nothing in the record shows that KLX's attorney was purporting to formally act on Boyce's behalf or had the authority to do so. Due to the lack of Boyce's required consent, the removal in this case is procedurally defective and warrants remand to the state court. Riso and Rocha are timely seeking remand for this procedural defect. *See* 28 U.S.C. § 1447(c). Therefore, remand must be granted because Boyce did not consent to the removal as required under the removal statute.

**B.    Remand Must Be Granted Because KLX Fails to Prove that Boyce Is a Citizen of Another State**

Federal courts have limited jurisdiction and must presume that cases lie outside their jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). To determine whether jurisdiction is present for removal, the Court considers the claims in the state court petition as they existed at the time of removal, *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995), and the substantive law of the forum state, *Hughes v. Tobacco Institute, Inc.*, 278 F.3d 417, 421 (5th

Cir. 2001). Any ambiguities or doubts must be construed against removal and in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). The jurisdictional basis for removal must also be "alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259; *Brown v. Bridges*, No. 3:12-CV-3950-L, 2012 WL 5933046, at *2 (N.D. Tex. 2012).

"A federal court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same citizenship as any one of the defendants." *Stifting v. Plains Marketing, L.P.*, 603 F.3d 295, 297 (5th Cir. 2010). Additionally, under the forum-defendant rule, a civil action may not be removed if any of the defendants is a citizen of the state in which such action is brought. 28 U.S.C. § 1441(b)(2). In a removed case, "diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996); *see also Aynesworth v. Beech Aircraft Corp.*, 604 F. Supp. 630, 633 (W.D. Tex. 1985). A natural person is a citizen of the state of his domicile, meaning where he has a fixed residence with an intent to remain there indefinitely. *Brown*, 2012 WL 5933046, at *2. Thus, citizenship is not synonymous with residency, and merely alleging a person's residence is not sufficient for diversity purposes. *Id.* at *2–3. Factors that courts consider in determining domicile include a person's home, driver's license, voting practices, places of employment, memberships in organizations, bank accounts, location of property, and payment of taxes. *Coury*, 85 F.3d at 251.

Here, Riso and Rocha allege that Boyce is a resident of Washington County, Texas. (*See* Removal Atch. 3, Dkt. 1-3, at 4). For removal, KLX alleges that Boyce is a resident of Indiana County, Pennsylvania. (*See* Removal Notice, Dkt. 1, at 3). Neither allegation, however, is sufficient to affirmatively and distinctly establish that Boyce is a citizen of another state. At best, KLX purports to challenge diversity of residence and by extension improperly attempts to prove

diversity of citizenship through argument and mere inference. *Cf. Brown*, 2012 WL 5933046, at *3. Thus, KLX has not satisfied its burden to prove that Boyce's citizenship is that of a state other than Texas.

Nevertheless, it is a matter of public record that Boyce has a fixed residence in Texas with the intent to remain there indefinitely since at least January 27, 2015. On that date, Boyce obtained a Texas driver license, a true and correct copy of which is attached as Exhibit B. Under Texas law, a new resident having a driver license from another state cannot operate a motor vehicle in Texas for more than 90 days without a Texas driver license. *See* Tex. Transp. Code § 521.029. Both Boyce's Texas driver license and a certified copy of his Texas driving record, attached as Exhibit C, show his residence as 709 Sabine St., Brenham, Texas 77833. Records from the Washington County Appraisal District, true and correct copies of which are attached as Exhibit D, show that this address is a residence of Boyce's family and for which Boyce's family has paid taxes in Texas since at least 2012. It is also the address at which Boyce was served with process. (*See* Exhibit A). This evidence reflects that Boyce has a fixed residence in Texas, with an intent to remain there indefinitely, since before Riso and Rocha filed suit.

In contrast, KLX has presented no evidence to prove that Boyce was a citizen of another state at the time this suit was filed in state court. Likewise, KLX has presented no evidence to prove that Boyce was a citizen of another state at the time it removed this case to federal court. Instead, KLX merely alleges that Boyce is a resident of Indiana County, Pennsylvania, (*see* Removal Notice, Dkt. 1, at 3), which is incorrect given the evidence presented. Construed in favor of remand, KLX's contradictory allegation regarding Boyce's residence is insufficient to confer this Court with subject matter jurisdiction based on diversity of citizenship. Therefore, remand must be granted because KLX fails to prove that Boyce is a citizen of another state.

## III. CONCLUSION

For the reasons above, Riso and Rocha respectfully request that the Court grant this motion and remand this case to the 218th Judicial District Court of Atascosa County, Texas because of the lack of a defendant's required consent and the lack of proof of complete diversity of citizenship.

Respectfully submitted,

**ALLAN, NAVA, GLANDER & HOLLAND, PLLC**
825 W. Bitters Road, Suite 102
San Antonio, Texas  78216
Telephone:  (210) 305-4220
Telecopier:  (210) 305-4219
serveone@anglawfirm.com

By: _____
WILLIAM N. ALLAN, IV
State Bar No. 24012204
**ATTORNEYS FOR PLAINTIFFS,
ISABEL RISO AND JOSE ROCHA**

## CERTIFICATE OF CONFERENCE

I hereby certify that, pursuant to Local Rule CV-7, counsel for Plaintiffs attempted on multiple occasions to contact and confer with counsel for Defendant KLX in a good-faith attempt to resolve this matter by agreement. Despite repeated requests, however, Defendant's counsel did not respond by the time Plaintiffs had to file this motion. Accordingly, Plaintiffs assume that Defendant KLX will oppose this motion.  Therefore, this motion is filed as opposed.

_____
WILLIAM N. ALLAN, IV

## CERTIFICATE OF SERVICE

      I hereby certify that, on April 23, 2015, the foregoing was electronically filed with the Clerk of Court and served on Defendant's counsel of record listed below using the CM/ECF system, which will send notification of such filing to the following:

    Andres H. Gonzalez, Jr.
    DAVID KLOSTERBOER & ASSOCIATES
    9601 McAllister Freeway, Suite 910
    San Antonio, Texas 78216
    Direct: (210) 525-2107
    Main: (210) 525-2100
    Fax: (855) 848-0737
    Agonzal6@travelers.com

_____
WILLIAM N. ALLAN, IV

Files:Active:40008.0019 - Riso v. BEA Logistics Service:Pleadings - Federal:Motion to Remand.docx