IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ISABEL RISO and JOSE ROCHA, | § | CV NO. 5:15-cv-227-DAE |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| COREY LEE BOYCE and KLX | § | |
| ENERGY SERVICES, LLC F/K/A | § | |
| BEA LOGISTICS SERVICES, LLC, | § | |
| | § | |
| Defendants. | § | |

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

Before the Court is a Motion for Remand filed by Plaintiffs Isabel Riso, individually, and Jose Rocha, individually (collectively, "Plaintiffs"). (Dkt. # 4.) Pursuant to Local Rule 7(h), the Court finds this matter suitable for disposition without a hearing. For the reasons that follow, the Court **GRANTS** Plaintiffs' Motion to Remand (Dkt. # 4).

BACKGROUND

On or about March 28, 2014, Plaintiffs were involved in a vehicular accident allegedly caused by Defendant Corey L. Boyce ("Boyce"). (Dkt. # 1-3 at 5.) Defendant KLX Energy Services, LLC ("KLX") was Boyce's employer, as well as the owner of the vehicle driven by Boyce, at the time of the incident. (Id.)

1

On February 18, 2015, Plaintiffs filed a petition in state court, alleging negligence claims against Boyce and KLX (collectively, "Defendants"). (Id. at 4.) Plaintiffs seek compensatory damages for medical care, loss of earning capacity, and physical pain, suffering, and disfigurement. (Id. at 5.) On February 24, 2015, KLX was served via certified mail (id. at 1), and on March 13, 2015, KLX filed its answer (Dkt. # 1-4). On March 6, 2015, Boyce was served via personal delivery. (Dkt. # 4-1 at 4.) Boyce has yet to file an answer to the Petition.

On March 24, 2015, Defendant KLX removed the action to federal court, invoking the Court's diversity jurisdiction. (Dkt. # 1 at 1–2.) On April 23, 2015, Plaintiffs filed the instant Motion to Remand. (Dkt. # 4.) On May 4, 2015, the Court granted KLX an extension of time to file its response to Plaintiff's Motion to Remand, and ordered that a response be submitted no later than May 29, 2015. Defendants have thus far failed to respond.

LEGAL STANDARD

"It is axiomatic that the federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation." Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996). Accordingly, a defendant may only remove a case over which the district court has original jurisdiction, either because of diversity of citizenship or the existence of a federal

2

question.  28 U.S.C. § 1441(a); Halmekangas v. State Farm Fire & Cas. Co., 603 F.3d 290, 295 (5th Cir. 2010).

On a motion to remand, the removing party bears the burden of establishing that one of these bases of jurisdiction exists and that the removal was not procedurally defective.  BEPCO, L.P. v. Santa Fe Minerals, Inc., 675 F.3d 466, 470 (5th Cir. 2012); Shearer v. Sw. Serv. Life Ins. Co., 516 F.3d 276, 278 (5th Cir. 2008).  Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties.  28 U.S.C. § 1332(a); Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996); Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008).

Because removal jurisdiction implicates federalism concerns, "[a]ny doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."  African Methodist Episcopal Church v. Lucien, 756 F.3d 788, 793 (5th Cir. 2014) (internal quotation marks omitted) (quoting Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000)); Frank v. Bear Stearns & Co., 128 F.3d 919, 922 (5th Cir. 1997).

## DISCUSSION

Plaintiffs argue that the Court must remand the case to state court for two reasons: (1) the removal was procedurally defective because Boyce did not consent to the removal, and (2) the Court lacks subject matter jurisdiction because

there is no complete diversity between the parties. (Dkt. # 4 at 2.) Because Defendants have failed to file a response, the Court has the authority to grant the motion as unopposed. See W.D. Tex. Civ. R. 7(e)(2). However, in the interest of thoroughness, the Court addresses Plaintiffs' arguments.

I.  Whether Removal was Procedurally Defective

Consistent with 28 U.S.C. § 1446(b)(2)(A), the Fifth Circuit has held that all properly joined and served defendants must either provide their signature in the removal petition or timely file a written consent to the removal. Powers v. United States, 783 F.3d 570, 576 (5th Cir. 2015). If such consent is not timely obtained, the removal is procedurally defective and the case must be remanded unless the party who failed to sign the Notice of Removal or file written consent is a "nominal" party—a party who is neither necessary nor indispensable to proving the cause of action. Doe v. Kerwood, 969 F.2d 165, 167 (5th Cir. 1992); Farias v. Bexar Cnty. Bd. of Trs. for Mental Health Mental Retardation Servs., 925 F.2d 866, 871 (5th Cir. 1991).

Here, Boyce did not join in the Notice of Removal. (Dkt. # 1.) Although KLX alleges in its Notice of Removal that Boyce had not been served at the time this case was removed, the record shows that Boyce was properly served eighteen days prior to removal and was therefore subject to § 1446(b)(2)(A)'s consent requirement. (Dkt. # 4-1, Ex. A at 4.) Nonetheless, neither Boyce nor an

attorney acting on his behalf filed a written statement consenting to the removal. (Dkt. # 1; Dkt. # 6.) Since Boyce is a necessary party to the suit, his failure to consent renders the removal procedurally defective.[1]

II.     Remand Based on Lack of Complete Diversity

In the alternative, Plaintiffs argue that the case should be remanded because it lacks complete diversity. (Dkt. # 4.) It is undisputed that Plaintiffs are citizens of Atascosa County, Texas (Dkt. # 1-3 at 4; Dkt. # 4 at 2), and that KLX is a Delaware company and citizen of Florida (Dkt. # 1 ¶ 7). However, Plaintiffs and KLX disagree as to the citizenship of Boyce. While Plaintiffs argue that Boyce is a citizen of Washington County, Texas (Dkt. # 1-3 at 4; Dkt. # 4 at 2), KLX contends Boyce is a citizen of Indiana County, Pennsylvania (Dkt. # 1 ¶ 7).

It is an established rule that diversity jurisdiction exists only where there is complete diversity between the parties. Vaillancourt v. PNC Bank, N.A., 771 F.3d 843, 847 (5th Cir. 2014). Furthermore, even where complete diversity exists, "if any defendant is a citizen of the state in which the action is brought," 28

---

[1] Plaintiffs' cause of action arises out of the vehicular incident involving Plaintiffs and Boyce. (Dkt. # 1-3 at 5.) Without Boyce—the alleged "direct tortfeasor"—Plaintiffs would be unable to recover a full judgment. Evert v. Finn, No. CIV.A. 98-3293 N, 2000 WL 135847, at *5–7 (E.D. La. Feb. 4, 2000) (where the defendant in question was necessary because the plaintiffs could not obtain a full recovery in the event of his dismissal as a party to the suit). Accordingly, Boyce is a necessary party.

U.S.C. § 1441(b) forbids the removal of the case to federal court. Getty Oil Corp., 841 F.2d at 1258.

For purposes of determining whether parties are diverse, a person's citizenship is generally synonymous with his domicile. Coury, 85 F.3d at 249. Domicile is established as soon as it becomes evident that a party has a fixed residence in a state and intends to remain there. Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989). The factors that courts consider when determining a party's domicile include "the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." Coury, 85 F.3d at 251.

All of the evidence available indicates that Boyce is domiciled in Texas. Boyce's certified record with the Texas Department of Public Safety lists his address as 709 Sabine St., Brenham, Washington County, Texas (Dkt. # 4-3, Ex. C at 2), the location where he received service of process for this suit (Dkt. # 4-1, Ex. A at 4). Boyce's Texas driver's license (Dkt. # 4-2, Ex. B at 2), which was first issued in 2012 and renewed on January 27, 2015 (Dkt. # 4-3, Ex. C at 2), also lists the Brenham address as his place of residence. According to Washington County tax records, Boyce's family has resided in and paid taxes for the

aforementioned property since 2012.  (Dkt. # 4-4, Ex. D at 2–4.)  KLX's conclusory allegation—unsupported by any evidence—that Boyce is a citizen of Pennsylvania is insufficient to dispute the evidence.  See Getty Oil Corp., 841 F.2d at 1259 (citing Ill. Cent. Gulf R. Co. v. Pargas, Inc., 706 F.2d 633, 636 (5th Cir. 1983) (holding that jurisdiction must be based upon objective facts and not "established argumentatively or by mere inference")).

In sum, the evidence shows that Boyce has been continuously present in Texas since at least 2012 and, given that presence and his familial and property presence in the state, intends to remain in Texas indefinitely.  For jurisdictional purposes, Boyce was therefore a Texas citizen at the time the petition was filed in state court and at the time of removal.  See Dulfer v. Seton Healthcare, Inc., No. A-11-CV-911-LY, 2012 WL 6212833, at *2 (W.D. Tex. Dec. 13, 2012) (finding that the plaintiff was domiciled in Texas because, among other facts, she owned and paid taxes on a Texas property, received her mail and correspondence at that address, and maintained a Texas driver's license); PaDRE Nterprises, Inc. v. Rhea, No. 4:11-CV-674, 2012 WL 1072845, at *2 (E.D. Tex. Mar. 29, 2012) (finding that the defendant was domiciled in Iowa where defendant possessed various Iowa licenses, including a driver's license issued in 2009 and not expiring until 2014).

Because KLX shares the same citizenship as Plaintiffs and is a citizen of the state in which the case was filed, there is no complete diversity in this case.

Accordingly, even if the removal had not been procedurally defective, remand is nevertheless required because the Court lacks subject matter jurisdiction.  See <u>Jim Hood ex rel. Miss. v. JP Morgan Chase & Co.</u>, 737 F.3d 78, 92 (5th Cir. 2013) (holding that defendants carried the burden of showing that subject matter jurisdiction existed because removal statutes are interpreted as favoring remand).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion to Remand (Dkt. # 4) and **REMANDS** the case to state court.

**IT IS SO ORDERED**.

**DATED**: San Antonio, Texas, June 22, 2015.

_____
David Alan Ezra
Senior United States Distict Judge